# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. _____

| | |
|---|---|
| GREER LABORATORIES, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROBERT W. PHIPPS, JASON SHONHOLZ, | ) |
| and WOODMONT PHARMACEUTICALS, INC. | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, Defendant Woodmont Pharmaceuticals, Inc. ("Woodmont"), by its attorneys, hereby removes this action from the General Court of Justice, Superior Court Division, Caldwell County, North Carolina, to the United States District Court for the Western District of North Carolina, and as grounds for removal states as follows:

## THE STATE COURT ACTION

1. On August 7, 2017, Plaintiff Greer Laboratories, Inc. ("Plaintiff") filed a Complaint against Defendants Robert W. Phipps ("Phipps"), Jason Shonholz ("Shonholz"), and Woodmont (together, "Defendants") in the General Court of Justice, Superior Court Division, Caldwell County, North Carolina, Case No. 17-CVS-915 (the "State Court Action"). A copy of the Complaint is attached hereto as part of Exhibit 1.

2. On August 10, 2017, Plaintiff served the Civil Summons, Complaint, Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, Motion to File Under Seal, Documents To Be Filed Under Seal Pursuant to Court Order, Affidavit of Mark J. Hites, Affidavit

of Tammy Johnson, and Notice of Hearing for Plaintiff's Motion for Temporary Restraining Order on Woodmont by Federal Express, adult signature required.

3. The Complaint purports to assert eleven counts for, *inter alia*, breach of contract, tortious interference with contract, unfair and deceptive trade practices, unjust enrichment, fraud, obtaining property by false pretenses, wrongful acts committed pursuant to conspiracy, allegedly arising out of Phipps and Shonholz's former employment with Plaintiff, and their alleged subsequent employment or engagement with Woodmont. The Complaint also requests that the Court enter an Order pursuant to Rule 65 enjoining Defendants from using, disclosing, divulging, transferring, copying, or destroying any property or confidential information of Greer, and from interfering with Greer's contracts.

4. On August 14, 2017, the Court entered a temporary restraining order against Woodmont and Phipps. On August 21, 2017, the Court entered the following orders: Order Granting Consent Preliminary Injunction Against Woodmont, Order Granting Plaintiff's Motion for Preliminary Injunction Against Phipps, and Order Granting Plaintiff's Motion for Temporary Restraining Order Against Shonholz.

5. On August 28, 2017, the Court entered a preliminary injunction against Shonholz. Copies of the aforesaid orders and all other filings in the case (with the exception of any document filed under seal) are attached hereto as Exhibit 2.

## JURISDICTION

6. The Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Plaintiff expressly states that the amount sought exceeds

$25,000, (Compl. ¶ 8), which is the jurisdictional minimum for Superior Court. Plaintiff also seeks punitive damages and treble damages. Treble damages therefore increase the damages to in excess of $75,000.

**Complete Diversity Of Citizenship**

7. Plaintiff is a North Carolina corporation with its principal place of business located in Lenoir, North Carolina. (Compl. ¶ 1.)

8. Defendant Phipps is a citizen and resident of Florida. (Compl. ¶ 2.)

9. Defendant Shonholz is a citizen and resident of Florida. (Compl. ¶ 3.)

10. Woodmont is a Delaware corporation with its principal place of business in Bethesda, Maryland. For jurisdictional purposes, it is a citizen of Delaware and Maryland.

11. Based on the foregoing, none of Defendants are citizens of North Carolina, and there is complete diversity of citizenship between Plaintiff and Defendants.

**The Amount In Controversy Exceeds $75,000**

12. The Complaint alleges that Plaintiff incurred damages in an amount in excess of $25,000.00, plus treble damages, punitive damages, costs, and attorney's fees for which Woodmont and the other Defendants are liable. (*E.g.*, Compl. ¶¶ 8, 68, 78, 95, 100, 105, 114, 117, "wherefore clause ¶¶ 7, 8, 9, 10).

13. Thus, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**CONFORMITY WITH OTHER REQUIREMENTS**

14. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Western District of North Carolina is the federal judicial district within which the State Court Action is pending.

15. Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely because it is filed within thirty days of Plaintiff's service of the Complaint on Woodmont.

16. Pursuant to 28 U.S.C. § 1446(a), and Paragraphs 1 and 2, *supra*, copies of all process, pleadings, and orders in this matter are attached hereto as Exhibits 1 and 2.

17. Pursuant to 28 U.S.C. § 1446(d), Woodmont's undersigned counsel is serving this Notice of Removal on Plaintiff's counsel and will promptly file a copy thereof with the Clerk of the General Court of Justice, Superior Court Division, Caldwell County, North Carolina.

18. By filing this Notice of Removal, Woodmont does not waive any defenses, including, but not limited to, lack of personal jurisdiction or improper venue or forum.

19. Defendants Phipps, through counsel, has consented to the removal of the State Court Action, as evidenced by his electronic signature below, which he has authorized in writing.

20. The undersigned is presently unable to secure the consent of Defendant Shonholz, as Shonholz has not yet obtained counsel. Upon information and belief, Defendant Shonholz is also, as of the date of this Notice of Removal, making preparations for the impending arrival of Hurricane Irma. Upon information and belief, Defendant Shonholz was served with the State Court Action on August 15, 2017.

WHEREFORE, Woodmont Pharmaceuticals, Inc., hereby removes this action to the United States District Court for the Western District of North Carolina.

This the 8th day of September, 2017.

                                          Respectfully submitted,

                                          WOODMONT PHARMACEUTICALS, INC.

                                          By: /s/ Joshua B. Durham
                                          Joshua B. Durham, N.C. Bar No. 25414
                                          Jason B. James, N.C. Bar No. 27910
                                          BELL, DAVIS & PITT, P.A.
                                          227 West Trade Street, Suite 1800
                                          Charlotte, North Carolina  28202
                                          Telephone:  704-227-0400
                                          Facsimile:  704-227-0178
                                          E-mail:  jdurham@belldavispitt.com
                                                                jjames@belldavispitt.com

WE CONSENT TO REMOVAL:

                    /s/ Jonathan Wall
                    Jonathan Wall, N.C. Bar No. 22839
                    Higgins Benjamin PLLC
                    301 N Elm Street, Suite 800
                    Greensboro, North Carolina 27401
                    Telephone: 336-273-1600
                    Email: jwall@greensborolaw.com
                    *Attorney for Defendant Phipps*

## CERTIFICATE OF SERVICE

Joshua B. Durham, an attorney, hereby certifies that he caused a copy of the foregoing **Notice of Removal** to be delivered by email and U.S. Mail to:

> James C. Lesnett, Jr.
> Sarah Fulton Hutchins
> Michael J. Crook
> Parker Poe Adams & Bernstein LLP
> 401 S. Tryon Street, Suite 3000
> Charlotte, NC 28202
> Counsel for Plaintiff

This the 8th day of September, 2017.

/s/  Joshua B. Durham
Joshua B. Durham