IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORH CAROLINA
STATESVILLE DIVISION
5:17-CV-00164

| | | |
|---|---|---|
| GREER LABORATORIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT W. PHIPPS, | ) | |
| JASON SHONHOLZ, and | ) | |
| WOODMONT PHARMACEUTICALS, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | ORDER |
| | ) | |
| | ) | |
| ROBERT W. PHIPPS, | ) | |
| | ) | |
| Counter Claimant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GREER LABORATORIES, INC., | ) | |
| | ) | |
| Counter Defendant. | ) | |
| | ) | |
| _____ | ) | |

This matter is before the Court upon Defendant Shonholz's Objection to Removal and

Motion to Remand to State Court (Doc. No. 5). This Motion is ripe for disposition.

## I. BACKGROUND

On August 7, 2017, Plaintiff Greer Laboratories, Inc. ("Greer") filed a Complaint in the

Caldwell County Superior Court against Defendants Robert W. Phipps ("Phipps"), Jason

Shonholz ("Shonholz"), and Woodmont Pharmaceuticals, Inc. ("Woodmont"). Defendant

Woodmont was served with a copy of the Summons and Complaint on August 10, 2017, and Defendant Shonholz was served on August 15, 2017.[1]

Woodmont filed a Notice of Removal to this Court on September 8, 2017, pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446. Woodmont's Notice of Removal was based on federal diversity jurisdiction. Defendant Phipps consented to the removal of this action, but Woodmont stated in its Notice of Removal that it was "presently unable to secure the consent of Defendant Shonholz," as Shonholz had not obtained counsel at the time of removal and was preparing for the arrival of Hurricane Irma.

Shonholz did not subsequently consent to the Notice of Removal, but instead filed this Objection to Removal and Motion to Remand on September 27, 2017, arguing that he does not consent to the removal. A party seeking remand for any reason other than lack of subject matter jurisdiction must file its motion within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c). Accordingly, Shonholz's Motion is timely.

## II. DISCUSSION

Defendants have the right to remove a case from state court to federal court if the federal court would have original jurisdiction over the matter. 28 U.S.C. § 1441(a). The party seeking removal bears the burden of establishing that the court would have original jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Additionally, the party seeking removal must meet the procedural requirements of 28 U.S.C. § 1446.

A defendant seeking to remove any civil action from a State court must file a notice of removal in federal court within 30 days after receipt of a copy of the initial complaint. 28 U.S.C. § 1446(b)(1). And when a civil action is removed to federal court "solely under" 28 U.S.C. §

---

[1] It is not clear from the record when Defendant Phipps was served, but that information is not necessary for resolution of this Motion.

1441(a) "all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A).

"This 'rule of unanimity' requires that each defendant 'register to the Court its official and unambiguous consent to a removal petition filed by a co-defendant.'" *Creed v. Virginia*, 596 F. Supp. 2d 930, 934 (E.D. Va. 2009) (quoting *Stonewall Jackson Memorial Hosp. v. Am. United Life Ins. Co.*, 963 F. Supp. 553, 558 (N.D. W. Va 1997)). When "a defendant does not consent to removal, the party seeking removal has the burden of proving that an exception to the rule of unanimity applies." *Palmetto Auto. Sprinkler Co., Inc. v. Smith Cooper Intern., Inc.*, 995 F. Supp. 2d 492, 495 (D.S.C. 2014).

The rule of unanimity applies to this cause of action, as it is only removable under § 1441(a). Shonholz does not consent to the removal, and Woodmont has not alleged that any exception to the rule of unanimity applies. Rather, it is clear that Shonholz was properly joined and served before Woodmont filed its Notice of Removal on September 8. It is also clear that Shonholz is not a mere nominal party—one with no real legal interest in the action. *See Creed*, 596 F. Supp. 2d at 935. Thus, in order for removal to be proper under 28 U.S.C. § 1446, Shonholz's consent was required.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Shonholz's Motion to Remand is **GRANTED**, and this case is hereby remanded to the Superior Court of Caldwell County.

**SO ORDERED.**

Signed: November 3, 2017

Graham C. Mullen
United States District Judge